O'Neal

v.

Norfolk and Western Ry.

May 18, 1996

Case No. CL93-000007

BY JUDGE ROBERT P. DOHERTY, JR.

I have reviewed the memoranda and authorities submitted by [counsel]. Assuming the facts to be as set forth in [the] arguments, I find that Mr. Ostrum has sufficient knowledge, experience, training, and education to testify as an expert in the field of industrial/railroad shop safety. His opinions, however, may not invade the province of the jury. I point this out because the wording of some of his professional views reach factual conclusions that should be determined by the trier of fact.

So that we do not have a problem at trial, I will try to illustrate what I mean using the written opinions submitted by Mr. Ostrum. His first opinion should be limited to the conclusion that the key removal was a two-man job. He may give his opinion about the safety hazards, if any, of including a third man on the job, but it is up to the jury to decide if the Defendant "failed to reasonably allow Mr. O'Neal and Mr. Bocock to do their job without interference." One may instead argue that point.

Ostrum's second opinion suffers from a different problem. He claims that N&W failed to properly train their supervisors. I do not see any evidence to that end. If such evidence exists, it will have to be developed in greater depth at trial. His assertion that supervisors are to supervise and not do the work themselves appears to be an appropriate expert opinion.

His third opinion is simply a factual conclusion. If the expert is attempting to state that the sledge hammer operator is required to issue a warning prior to swinging, then that is what he should say. The manner in which an expert phrases his opinion will frequently determine its admissibility.

Mr. Ostrum's fourth, fifth, and sixth opinions appear to be in proper form.